**Electronically Filed**
**Intermediate Court of Appeals**
**29923**
**30-DEC-2010**
**02:17 PM**

NO. 29923

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CORNELIUS WESLEY DURHAM, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0220(2))


ORDER RE APPELLANT'S MOTION FOR RECONSIDERATION
(By: Reifurth and Ginoza, JJ.;
and Nakamura, C.J., concurring and dissenting)


Upon review of the Motion for Reconsideration of Summary Disposition Order (Motion) filed on December 6, 2010 by Appellant Cornelius Wesley Durham (Durham), the records and files herein, and the arguments asserted, we hereby deny the Motion for the reasons set forth below.

Appellant Durham's Motion contends the Summary Disposition Order issued on November 24, 2010 should be reconsidered, and that a new order should be issued reversing the June 26, 2009 Order Revoking Probation and Resentencing Defendant entered by the Circuit Court of the Second Circuit[1] (circuit court), because: (1) a newly discovered Confidential Letter by a probation officer dated September 10, 2008 was sent to the circuit court, was not disclosed to Durham, and contains false

---

[1]     The Honorable Rhonda I.L. Loo presided.

factual information; (2) the circuit court allegedly reviewed and relied on the false information in the Confidential Letter in revoking Durham's probation, without allowing Durham an opportunity to dispute the false information; and (3) Durham was fully compliant with the conditions of his probation.

In the instant appeal, the points of error raised by Durham focused on: (a) the facts and circumstances of Durham being terminated from a sex offender treatment program and whether that constituted an inexcusable failure on his part to comply with a substantial condition of his probation; and (b) whether he had ineffective assistance of counsel. With regard to these points of error, the circuit court did not abuse its discretion in revoking Durham's probation. The stated basis for the circuit court's revocation order was that Durham failed to comply with Special Condition J of his probation because he was terminated from the sex offender treatment program without being clinically discharged. In addressing Durham during the revocation hearing, the circuit court stated: "[y]ou were deceptive; you weren't open to treatment; you didn't follow through with treatment; you were supposed to complete – you're supposed to complete satisfactorily the Hawaii Sex Offender Treatment Program with the . . . concurrence of your probation officer, and you didn't do that." Nowhere in the record does the circuit court mention or allude to other factors in revoking Durham's probation.

Although Durham's current allegations of false information in the Confidential Letter raise a potentially significant issue,[2/] the record is not sufficiently developed in that regard. Durham's allegations regarding the false information and also whether the information had any role in the circuit court's revocation decision will need to be addressed by

---

[2/]    Although Durham was not entitled to receive a copy of the probation officer's confidential recommendation letter, a defendant "will have access to all factual information used in sentencing." State v. Paaaina, 67 Haw. 408, 411, 689 P.2d 754, 757 (1984).

way of a petition pursuant to Rule 40 of the Hawai‘i Rules of Penal Procedure (HRPP).

Therefore, IT IS HEREBY ORDERED that the motion for reconsideration is denied without prejudice to Durham filing an HRPP Rule 40 petition for post-conviction relief.

DATED: Honolulu, Hawai‘i, December 30, 2010.

On the motion:

Leslie K. Iczkovitz
for Defendant-Appellant

Associate Judge

Associate Judge


NAKAMURA, C.J., CONCURRING AND DISSENTING

I agree with the majority's conclusion that Defendant-Appellant's arguments regarding newly discovered evidence do not warrant granting his motion for reconsideration, but may be raised by way of a petition pursuant to Hawai‘i Rules of Penal Procedure Rule 40. However, for the reasons set forth in my Dissenting Opinion to this court's November 24, 2010, Summary Disposition Order, I would grant Defendant-Appellant's motion for reconsideration to the extent it challenges the substantive basis for the Summary Disposition Order. Accordingly, I respectfully dissent from this court's order denying the motion.